IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEIJER, INC.,
:
    Plaintiff,
:
v.
:    Case No. 3:21-cv-182

UNITED STATES FIDELITY &
GUARANTY COMPANY, et al.,
:    JUDGE WALTER H. RICE

    Defendants.
:

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO
REMAND TO THE COURT OF COMMON PLEAS OF MONTGOMERY
COUNTY, OHIO (DOC. #36), AND OVERRULING AS MOOT
DEFENDANTS' MOTION TO TRANSFER VENUE (DOC. #33);
CAPTIONED CAUSE REMANDED TO THE COURT OF COMMON
PLEAS OF MONTGOMERY COUNTY, OHIO; JUDGMENT TO BE
ISSUED ACCORDINGLY; TERMINATION ENTRY

---

The case before this Court, originally filed in the Common Pleas Court of Montgomery County, Ohio, and properly removed to this Court, is a declaratory judgment action concerning insurance coverage. Plaintiff, Meijer, Inc., on behalf of itself and its subsidiaries ("Meijer" or "Plaintiff"), seeks a declaration that it is owed defense and indemnification costs from Defendants, United States Fidelity & Guaranty Company ("USF&G"), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), Federal Insurance Company ("Federal"), Ohio Casualty Insurance Company ("Ohio Casualty") and American Guarantee & Liability Insurance Company ("AGLIC") (collectively "Insurers" or "Defendants"),

for suits alleging liability as a result of the national opioid crisis. Specifically, the Complaint seeks a judicial determination of insurance coverage for 47 cases filed in Ohio, Kentucky, Indiana and Michigan and referred to as the "Underlying Suits." The Underlying Suits include a suit filed by the Montgomery County, Ohio, Board of County Commissioners ("Montgomery County Action") and 12 other cases filed by Ohio plaintiffs.

Before the Court are two motions: Defendants' Motion to Transfer Venue to the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1404(a) ("Transfer Motion"), Doc. #33, and Plaintiff's Motion to Remand to the Montgomery County, [Ohio], Court of Common Pleas ("Remand Motion"). Doc. #36. The parties have filed responses, Doc. ##40 and 41, and replies. Doc. ##43 and 44. The motions are ripe for decision.

## I.     Background

Meijer is a privately held Michigan corporation with its principal place of business in Grand Rapids, Michigan. Doc. #6, PageID##694-695. It sells groceries, health and beauty products and general merchandise throughout the Midwest at more than 240 "supercenter stores." Doc. #33-1, PageID##1741 and 1744-97. Over 100 of these stores are located in Michigan and 45 stores are located in Ohio. Four of the Ohio Meijer stores are located in Montgomery County, Ohio, and one is located in Greene County, Ohio. Doc. #6, PageID#695.

In *Montgomery County Board of Commissioners, et al., v. Cardinal Health, Inc., et al.*, Case No. 18-op-46326 (N.D. Ohio) (the "Montgomery County Action"), the plaintiff alleges that Meijer contributed to the opioid crisis by creating a public nuisance through its distribution of prescription opioid medications sent to the pharmacies it owns and operates in its stores in and around Montgomery County, and by the dispensing of these medications by the pharmacists employed at its pharmacies. *Id.*, PageID#697; Doc. #17, PageID##1535 and 1638-1648. The Montgomery County Action is consolidated in multidistrict litigation pending in the United States District Court for the Northern District of Ohio, captioned *In re National Prescription Opiate Litigation*, Case No. 1:17-md-2804 (N.D. Ohio) ("the MDL"). It is referred to in the MDL as the "Montgomery County Bellwether[1]" and is on "an active track within the MDL." Doc. #6, PageID#697. As a result, Meijer expects to incur significant defense costs in connection with that case. *Id.* It has also been sued by nine other Ohio boards of county commissioners as well as the cities of Cincinnati, Hamilton and Lebanon. In addition to these 13 Ohio cases pending against Meijer in the Opioids MDL, Doc. #36-1, PageID#2074, it has been named as a defendant in 34 other MDL cases. Doc. #36-1, PageID#2076.

---

[1] The Montgomery County Bellwether was originally filed in the Court of Common Pleas of Montgomery County, Ohio, Case No. 2018 CV 03410, with Cardinal Health, Inc., McKesson Corporation, AmerisourceBergen Drug Corporation and Walgreens Corporation named as defendants. It was removed to this Court, Case No. 3:18-cv-295, and on December 13, 2018, transferred to the Northern District of Ohio, case number 1:18-op-46326. Meijer was named as a defendant in the MDL on May 19, 2021. Doc. #17.

3

Meijer's declaratory judgment action alleges, in general, that after the exhaustion of its self-insured retention under the USF&G policy, which would likely occur before the end of 2021, USF&G will owe Meijer coverage for defense costs and indemnity, including settlement, for the Montgomery County Action and the Underlying Suits. Doc. #6, PageID#699. Following exhaustion of that policy, Meijer asserts that insurance coverage for defense costs and indemnity for settlement or judgment will be required from the policies issued by National Union, Federal, Ohio Casualty and AGLIC. *Id.*, PageID##697-700.

The Complaint alleges that USF&G is a Connecticut corporation with its principal place of business in that state, National Union is a Pennsylvania insurance corporation with its principal place of business in New York, Federal is an Indiana stock insurance company with its principal place of business in New Jersey, Ohio Casualty is a New Hampshire insurance company with its principal place of business in Massachusetts and AGLIC is a New York corporation with its principal place of business in Illinois. *Id.*, PageID#696-697. All of the Defendants are authorized to do business in Ohio. *Id.*

The Court will first address Meijer's Remand Motion, Doc. #36.

II.  **Legal Analysis**

**A. Meijer's Motion to Remand (Doc. #36)**

Meijer argues that its declaratory judgment Complaint should be remanded to state court for a determination of Defendants' obligations for insurance

4

coverage since this suit is the type "repeatedly recognized by the Sixth Circuit to be the province of state law and the prerogative of state courts." Doc. #36-1, PageID#2074. Although its Complaint seeks a determination of insurance coverage for all 47 cases, its Motion to Remand concerns only whether a "duty to defend has attached with respect to ongoing litigation in Ohio arising from risks insured in Ohio." Doc. #44, PageID#2184.[2] Defendants contend that this Court should accept jurisdiction, because diversity jurisdiction exists and Plaintiff has not shown that an Ohio state court is a more appropriate forum than federal court.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The relevant portion of this statute reads as follows:

> In a case of actual controversy within its jurisdiction. . ., any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (emphasis added)

28 U.S.C. § 2201(a).

---

[2] As to the 34 other pending cases in the MDL which are part of the Underlying Suits, Meijer states that its Complaint "ultimately also seeks declarations of coverage concerning insured risks that are located in and materialized in different jurisdictions" and that at some future time, a court may need "to apply Ohio choice of law rules." Doc. #44, PageID##2183-84.

5

The "unique and substantial discretion," however, is not unlimited. To determine "whether the exercise of Declaratory Judgment Act jurisdiction is appropriate," *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019), the Court applies the following five factors first announced by the Sixth Circuit in *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984):

> (1)[W]hether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Cole's Place*, 936 F.3d at 396. Additionally, the fourth factor, whether the declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction, requires the Court to consider the following three sub-factors:

> (1) [W]hether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. v. Roumph,* 211 F.3d 964, 968 (6th Cir. 2000); *Cole's Place,* 936 F.3d at 396 (citation omitted).

6

The *Grand Trunk* factors have no assigned weights and are to be balanced with the facts of the case to aid in determining "[t]he relative weight of the underlying considerations of efficiency, fairness[,] and federalism." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014); *Banks Eng'g, Inc. v. Nationwide Mut. Ins. Co.*, Case No. 21-5652, 2022 WL 203332 at *2 (6th Cir., Jan. 24, 2022) (relative weight of the factors are left to the "substantial discretion" of the district court "to be judged based on the facts of each case").

### 1. *Grand Trunk*'s First and Second Factor

The first two *Grand Trunk* factors, "(1) whether the declaratory judgment suit would settle the controversy" and (2) whether the complaint "would serve a useful purpose in clarifying the legal relations in issue," *Grand Trunk*, 746 F.2d at 326, overlap and are typically considered together, since settling the controversy will also clarify the legal relations. *Cole's Place,* 936 F.3d at 397 (citations omitted). Concerning these two factors, Meijer concedes that because there is no pending state court litigation, the Court's decision will settle the controversy. It adds, however, that Ohio has a declaratory judgment statute, Ohio Rev. Code § 2721.02(a), and as a result is "just as capable of settling this dispute" as is a federal court so that a remand "poses less risk of inconsistent judgments on developing state law issues." Doc. #36-1, PageID#2080. Therefore, it argues, the first two *Grand Trunk* factors are either inapplicable or neutral. Defendants disagree with Plaintiff and assert that Meijer has misconstrued the first two factors

7

and that a correct analysis favors the exercise of federal jurisdiction. The Court agrees with Defendants.

There is no dispute that without a concurrent or parallel state court case, this Court's decision of this declaratory judgment action settles the issue of insurance coverage for Meijer and the Insurers as to the Underlying Lawsuits. *Cole's Place*, 936 F.3d at 397 (where no proceeding exists in which parallel issues are being litigated, the district court correctly determined that "the one live controversy over coverage will be settled by a declaratory judgment"). Accordingly, the first *Grand Trunk* factor weighs in favor of this Court's exercise of jurisdiction and against remand. Concerning the second *Grand Trunk* factor, "whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue," *Grand Trunk*, 746 F.2d at 326, Plaintiff's analysis, whether a federal or state court is better equipped to adjudicate an issue, is incorrect. Instead, the correct analysis of this second factor is whether adjudication at the federal level would help to resolve the legal relations between the parties. The Court has, *supra*, resolved the issue in the affirmative. *Clifford v. Church Mut. Ins. Co.*, No. 2:13-CV-853, 2014 WL 4805473, at *3 (S.D. Ohio Sept. 26, 2014) (Watson, J.) ("The second *Grand Trunk* factor does not compare state and federal court adjudication," as to which court is better able to decide the issue(s) involved).

For these reasons, the Court finds that the first two *Grand Trunk* factors weigh in favor of this Court's exercise of jurisdiction and against remand.

8

### 2. *Grand Trunk* Third Factor

The third factor requires the Court to consider "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata.'" *Grand Trunk*, 746 F.2d at 326 (citations omitted). Although Meijer acknowledges Defendants' invoking of "federal jurisdiction is not typically considered to be procedural fencing," *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 558-59 (6th Cir.), Doc. #36-1, PageID#2082, it notes that Defendants' filing of its Transfer Motion seeking a Michigan forum can be seen as a legal action seeing to gain a procedural advantage. *Liberty Fire Ins. Co. v. Bohms*, 490 Fed. Appx. 721 (6th Cir. 2012) (where insurance company filed in Michigan federal court after the plaintiff indicated a desire to pursue Florida state law claims, procedural fencing existed since the naturel defendant should not be able to preempt the choice of forum of the natural plaintiff). Because the Court herein is deciding only the Remand Motion, Plaintiff's argument concerning any procedural fencing of Defendants' Motion to Transfer will not be considered.

Defendants argue the third *Grand Trunk* factor weighs in favor of retaining federal jurisdiction and that Meijer engaged in procedural fencing. They assert that, despite Plaintiff being a Michigan corporation with its principal place of business in that state, it filed a declaratory judgment action in Ohio. The Insurers further contend that because the insurance contracts were entered into in Michigan, that law will apply and Michigan courts are better suited to apply their own state law. Finally, Defendants argue that because Meijer requested

9

"funding" for the Underlying Suits, as opposed to a specific amount, it "strategically" avoided asserting an express claim for damages, and assured federal diversity jurisdiction which would have precluded any opportunity for a discretionary remand.

Procedural fencing is a term that encompasses "a range of tactics that courts regard as unfair or unseemly." *Hoey*, 773 F.3d at 761. Here, use by Plaintiff of the Ohio Declaratory Judgment Act to interpret rights and obligations under an insurance contract is not "unfair or unseemly." Indeed, the Court notes that Ohio Revised Code § 2721.04 specifically references the interpretation of a contract as one of the reasons for filing a declaratory judgment action. ("Subject to division (B) of section 2721.02 of the Revised Code,[3] a contract may be construed by a declaratory judgment or decree either before or after there has been a breach of the contract.") Additionally, the Board of the County Commissioners of Montgomery County, Ohio, initiated this action in the Common Pleas Court of Montgomery County, Ohio, and later alleged in the MDL that Meijer's distribution to and dispensing of opioid medications from its pharmacies in and around Montgomery County created a "public nuisance." Procedural fencing "is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or

---

[3] In general, until a final judgment awarding damages to a plaintiff has been filed in a court of record, Ohio Revised Code § 2721.04 (B) prohibits a plaintiff, who is not an insured under a liability insurance policy, from filing a declaratory judgment action to determine coverage against the insurer of an insured who allegedly tortiously caused the plaintiff's damages.

10

weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" *Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc.*, 759 Fed. Appx. 431, 438 (6th Cir. 2018) (quotation omitted). Meijer, the natural plaintiff, filed its declaratory judgment action in state court nearly two months <u>after</u> the plaintiff in the Montgomery County Action added it and its subsidiaries as defendants in the MDL. Accordingly, the Court will not "impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id.*

Finally, Defendants argue Plaintiff engaged in "procedural fencing" by filing in Ohio, since Michigan law and not Ohio law will apply and Michigan courts are better able than Ohio to apply their own law. This argument, however, is as Plaintiff asserts, premature. Before a choice of law analysis is undertaken, it must first be established that an actual conflict exists between the substantive laws of these two states. *Glidden v. Lumbermans Mut. Cas. Co.*, 112 Ohio St. 3d 470, 474-475, 861 N.E. 2d 109, 115 (2006). As the party asserting Michigan law as controlling, as opposed to the law of Ohio, the forum state, the Insurers have the burden of proof. *ISCO Indus. v. Great Am. Ins. Co.*, 148 N.E.3d 1279 (Ohio Ct. App. 2019) ("The party asserting that a foreign law applies has the burden to demonstrate that a conflict of laws exists between the foreign law and the law of the forum" and where no conflict exists, the law of the forum state controls). Defendants, however, have failed to show there is any difference between Ohio and Michigan law.

11

Because no actual conflict has been shown at this early stage of the case, the Court does not find any improper motive on the part of Plaintiff.

There is no evidence that Meijer, the declaratory plaintiff, filed in state court "merely for the purpose of 'procedural fencing' or to provide and arena for a race for *res judicata*.'" *Cole's Place*, 936 F.3d at 399 (quoting *Grand Trunk*, 746 F.2d at 326). Defendants denied insurance coverage and Meijer chose state court as the forum to resolve the issue. Recently, in *Banks*, 2022 WL 203332, (6th Cir., Jan. 24, 2022), the Sixth Circuit considered a case where the insured filed "a coercive [declaratory judgment] suit against Nationwide, for declining coverage" which the insurance company later removed to federal court. *Id.* at *4. Although the *Banks* district court found the third *Grand Trunk* factor "'pointed towards exercising jurisdiction,'" the Sixth Circuit found it "neutral at best," noting "it seems unfair to give Nationwide a point on its *Grand Trunk* scorecard simply for waiting for Banks to file and then removing that case to its preferred forum." *Id.*

For the reasons set forth above, the Court finds this third *Grand Trunk* factor is neutral, neither favoring remand nor weighing in favor of this Court exercising jurisdiction.

### 3. *Grand Trunk*'s Fourth Factors and its Sub-factors

The focus of the fourth factor is whether federal jurisdiction of the declaratory judgment action would result in increased friction between federal and state courts and "improperly encroach upon state court jurisdiction." *Grand*

12

*Trunk*, 746 F.2d at 326. As stated earlier, the fourth factor is divided into three sub-factors, all related to the principle of comity between state and federal courts.

The first sub-factor, "whether the underlying factual issues are important to an informed resolution of the case," *Flowers*, 513 F.3d at 560, can be resolved quickly since this sub-factor concerns whether "the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Id*. Because no parallel suit exits, the first sub-factor weighs in favor of this Court exercising its jurisdiction and against remand.

Although the second sub-factor states that its focus is whether the state or federal court is in a better position to evaluate factual issues, this sub-factor also requires a federal court to consider which court system is best able to interpret the applicable state law. *Id*. Meijer argues that remand is required since the case presents novel legal issues: whether under Ohio law it caused or contributed to a public nuisance in and around Montgomery County and Ohio's interest in determining insurance coverage for a private company based in Grand Rapids, Michigan, with stores located in Montgomery and Greene County, Ohio. They argue that state courts are in "a better position to evaluate novel questions of state law," *Id*. (citing *Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266, 272 (6th Cir.2007)), and where unresolved insurance coverage issues exist, a district court should decline to exercise jurisdiction. *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 815-816 (6th Cir. 2004) ("Where, as here, there are two potential unresolved questions of state law concerning state regulated

13

insurance contracts, this consideration weighs against exercising jurisdiction.")
Meijer further asserts that remand is required since the Ohio Supreme Court has accepted for review *Acuity v. Masters Pharm., Inc.*, 160 Ohio St. 3d 1495 (Ohio 2020), a case in which the Ohio First District Court of Appeals reversed a trial court finding of no insurance coverage in an opioid related insurance case. *Acuity v. Masters Pharm., Inc.*, No. C-190176, 2020 WL 3446652 (Ohio Ct. App. June 24, 2020). In *Acuity*, the state appellate court held that the insurer had a duty to defend and indemnify the insured pharmaceutical distributor in underlying suits transferred to the MDL. In these suits, the governmental entities alleged the distributor acted negligently in failing "to investigate, report[,] and refus[ing] to fill suspicious orders of prescription opioids. . .thereby failing to maintain effective controls" which violated federal and state laws and "contributed to the opioid epidemic."[4] *Id.*, at *1. Finally, Plaintiff cites to *Cardinal Health, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 2:20-cv-5854, 2021 WL 3184947 (S.D. Ohio July 28, 2021) (Sargus, J.), and argues that the district court properly remanded a declaratory judgment insurance dispute also involving the opioid litigation.

> In reaching this determination, this Court too is persuaded by the novel nature of these types of claims, the lack of developed state-court guidance in this area, and the pendency of other materially-

---

[4] Recently, in *Cincinnati Insurance Co. v. Discount Drug Mart, Inc.*, 2021 WL 6142648 (Ohio App. Dec. 30, 2021), the Eighth District Court of Appeals, citing *Acuity*, affirmed the trial court's granting of summary judgment in favor of the insured. It held that the insurer had a duty to defend against lawsuits brought by Cuyahoga and Summit Counties for Discount Drug Mart's alleged role in the opioid epidemic. The underlying suits, like the Montgomery County Bellwether, alleged public nuisance and civil conspiracy.

14

>related state-court actions addressing similar contractual issues in opioid-related declaratory judgment actions.

*Cardinal Health, Inc.*, 2021 WL 3184947, at *10.[5]

The Insurers disagree and again assert that it is an "erroneous premise" for Meijer to assert that Ohio law would apply and that "there is no reason to believe that an Ohio state court would be better able to interpret Michigan insurance law than this court." Doc. #41, PageID#2145. Thus, no interference with Ohio's interpretation of insurance law exists if the Remand Motion is denied, since "any 'nexus' between this declaratory judgment litigation and state law or public policy is with Michigan and not Ohio." *Id*. They distinguish *Cardinal Health* by first asserting that both the magistrate and district court judges in that case stated remand was a "close call" and further argue that the courts in *Travelers Indem.* and *Bituminous Cas.* declined jurisdiction since the applicable law was that of the state court to which the case was being remanded. Here, however, they contend that it is Michigan law and not Ohio law that applies.

As stated earlier, it is unclear at this early stage whether Ohio or Michigan law will apply to the interpretation of the insurance policies at issue in the Montgomery County Action and the 12 other Ohio cases. There is no evidence before the Court that any of the insurance contracts at issue include a choice of law mandating application of any state law, and while Defendants are correct that no reason exists to believe an Ohio state court would be better able to interpret

---

[5] An appeal from this decision in District Court is still pending with the Sixth Circuit.

15

Michigan insurance law than this Court,[6] it is likewise correct that Ohio law may ultimately apply to the Montgomery County Action and the other 12 cases making Ohio courts best suited to interpret what is a case involving insurance coverage and novel legal issues.[7] *Mass Bay Ins. Co., v. Christian Funeral Directors, Inc.*, 759 Fed. Appx, 431, 440 (6th Cir. 2018) (although it was unclear "whether any novel issues will be presented in this case," no abuse of discretion existed for declining to exercise jurisdiction in an insurance coverage dispute since "states are in a better position to resolve insurance issues governed by state law"). Finally, as stated above, the Ohio Supreme Court has accepted review in *Acuity v. Masters Pharm., Inc.*, 160 Ohio St. 3d 1495, thus, raising the possibility that state law will become either clearly established or much clearer to the state court.

For these reasons, the second sub-factor weighs in favor of remand.

The third *Grand Trunk* sub-factor focuses on whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. Here, the issue in the federal action implicates important state policies and is, therefore, 'more appropriately considered in state

---

[6] This Court, or an Ohio state court sitting in Montgomery County, Ohio, is every bit as capable to interpret Michigan law as a judicial officer in Michigan.

[7] The Insurers do not specifically address what state law applies in the 34 other cases included in the Underlying Litigation and argue only that this Court exercise its jurisdiction and apply Michigan law to this case.

16

court." *Flowers*, 513 F.3d at 561. As stated earlier, insurance coverage disputes are best decided in state court for both legal and public policy considerations and, although it is unclear whether Ohio or Michigan law will apply, there is no federal common or statutory law requiring the exercise of jurisdiction. Accordingly, the third sub-factor weighs in favor of remand.

### 4. Grand Trunk's Fifth Factor

The fifth factor focuses on whether a better or more effective alternative remedy exists. Because Ohio has enacted a state declaratory judgment proceeding, Ohio Revised Code § 2721 et seq., an alternative remedy exists that weighs in favor of remand. *Travelers*, 495 F.3d at 273 (Kentucky "declaration of rights procedure" and ability of insurers to file indemnity action at the conclusion of the underlying state action were alternative remedies to federal jurisdiction weighing against exercise of federal jurisdiction). The existence of Ohio's state declaratory judgment proceeding weighs in favor of remand.

### 5. Efficiency, Fairness and Federalism

"Efficiency, fairness, and federalism" are the issues this Court must consider when evaluating the *Grand Trunk* factors and deciding whether to exercise federal jurisdiction. *Hoey*, 773 F.3d at 759. At the heart of this dispute is the interpretation of insurance coverage for locally based businesses alleged, under Ohio law, to have caused or contributed to a public nuisance in and around Montgomery County by distributing and dispensing prescription opioid medications. Because the state both regulates insurance companies doing

17

business in their state and interprets state law claims, this case, originally filed by Plaintiff in an Ohio state court in response to claims alleged against it, is best left to the state court to decide. While a focus on efficiency alone might dictate a different result, this Court, on balance, concludes that for this Court to exercise jurisdiction "creates a risk of friction between the federal and state courts that would undermine principles of federalism." *Cole's Place*, 936 F.3d at 409 (White, J., dissenting).

### B. Conclusion

Based on the above analysis, the Court finds that the first two *Grand Trunk* factors and the first sub-factor of the fourth *Grand Trunk* factor weigh in favor of this Court's exercise of jurisdiction and against remand and the third *Grand Trunk* factor is neutral. The second and third sub-factors of the fourth *Grand Trunk* factor and the fifth factor weigh in favor of remand.

The Court has carefully considered the "three core lodestars" in *Grand Trunk* of "efficiency, fairness, and federalism." *Banks*, 2022 WL 203332, *3 (citing *Hoey*, 773 F.3d at 755). Meijer, a Michigan corporation located throughout Montgomery County, Ohio, seeks a declaration by an Ohio state court of insurance coverage for state law claims of public nuisance asserted by governmental entities. The Court is persuaded that this is a close call. Numerically, the preponderance of the *Grand Trunk* factors and sub-factors counsel keeping jurisdiction in this Court and against remand. However, as

permitted by *Grand Trunk*, in weighing all the factors and sub-factors, this Court believes that the state law issues and policy concerns outweigh the factors counseling to the contrary. For these reasons, Plaintiff's Motion to Remand, Doc. #36, is SUSTAINED.

### C. Motion to Transfer Venue, Doc. #33

Because the Court has sustained Plaintiff's Motion to Remand, Doc. #36, Defendants' Motion to Transfer Venue, Doc. #33, is OVERRULED as moot.

### III. Conclusion

For the reasons set forth in this Decision and Entry, Plaintiff's Motion for Remand, Doc. #36, is SUSTAINED and Defendants' Motion to Transfer Venue, Doc. #33, is OVERRULED as moot.

The captioned cause is remanded to the Montgomery County Court of Common Pleas with judgment to be issued accordingly.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 28, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE